1
2
3
4
5
6
7
8                    UNITED STATES  DISTRICT COURT
9                     Northern District of California
10                           Oakland Division
11   CONVERSATION CONGRESS, *et al.*,          No. C 11-04752 SC (LB)
12                  Plaintiffs,              **ORDER RE 3/19/2012 JOINT**
                                             **DISCOVERY LETTER**
        v.
13   NANCY FINLEY, *et al.*,                   [ECF No. 32]
14
                  Defendants.
15   _____/

16                          **I.  INTRODUCTION**

17       The district court referred the federal defendants' motion for a protective order, which was filed

18   at ECF No. 24, and all further discovery matters to United States Magistrate Judge Laurel Beeler.

19   Referral Order, ECF No. 25 at 1.[1]  The undersigned denied the motion without prejudice and ordered

20   the parties to meet and confer before filing a joint letter if a discovery dispute persisted.  Notice of

21   Referral and Order, ECF No. 28 at 1.  On March 19, 2012, the parties submitted a joint discovery

22   letter in which the federal defendants request that discovery be barred in this litigation.  3/19/2012

23   Joint Discovery Letter, ECF No. 32 at 1.  Plaintiffs maintain that discovery is appropriate for two of

24   their claims while Defendants assert that the agencies' actions should be reviewed based only on the

25   administrative records lodged with the court.  *Id.*  After a hearing on May 2, 2012, the court denies

26   Defendants' request because the two claims at issue were brought pursuant to the citizen-suit

27   _____

28       [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page
     number at the top of the document, not the pages at the bottom.

UNITED STATES DISTRICT COURT
For the Northern District of California

1  provisions of the Endangered Species Act ("ESA") and, thus, are not subject to the administrative-

2  record limitation.

3  ## II.  BACKGROUND

4      Plaintiffs Conservation Congress and Environmental Protection Information Center (collectively

5  "Plaintiffs") are seeking declaratory and injunctive relief based on the alleged failure of the U.S.

6  Forest Service ("USFS"), including Forest Supervisor Tyrone Kelley, and the U.S. Fish and Wildlife

7  Service ("FWS") to comply with the mandates of the Endangered Species Act ("ESA"), National

8  Forest Management Act ("NFMA") and National Environmental Policy Act ("NEPA"), in managing

9  public lands supporting the threatened northern spotted owl and other species on the Six Rivers

10  National Forest ("SRNF") in northern California.  Amended Complaint, ECF No. 21 at 2.

11      Plaintiffs allege that the Beaverslide Timber Sale and Fuel Treatment Project ("Beaverslide

12  Project"), located on the SRNF, Mad River Ranger District, includes 3050 acres of commercial

13  logging and fuel reduction treatments that remove or degrade habitat in thirteen activity centers for

14  northern spotted owls (Strix occidentalis caurina), which are listed as a threatened species under the

15  ESA.  *Id.*  Plaintiffs allege that this timber sale involves National Forest lands that serve important

16  roles in ensuring the survival and recovery of the northern spotted owl.  *Id.*

17      Plaintiffs claim that the FWS, including Nancy Finley, has violated Section 7 of the ESA and the

18  Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, by issuing a Concurrence Letter

19  concerning the impacts of the Beaverslide Project that is arbitrary, capricious and not in accordance

20  with the ESA.  *Id.*  Plaintiffs claim that the FWS's concurrence is flawed because it (1) did not

21  properly consider the effects of the presence of barred owls in combination with habitat degradation

22  on the northern spotted owl, (2) did not consider how nesting and roosting habitat degradation by

23  commercial logging would adversely affect the northern spotted owl in the short-term, given that

24  twelve of thirteen owl territories are already below the FWS' established thresholds for nesting and

25  roosting habitat, and (3) did not use the best scientific and commercial data available.  *Id.*

26      Plaintiffs further assert that the USFS, including Tyrone Kelley, has violated the ESA by failing

27  to re-initiate consultation or enter into formal consultation with the FWS despite the availability of

28  information since completion of consultation that may affect the northern spotted owl in a manner or

UNITED STATES DISTRICT COURT
For the Northern District of California

1   an extent not previously considered. *Id.* Plaintiffs allege that, after the issuance of the range-wide

2   Biological Opinion in 2008 and the completion of informal consultation with the FWS in 2009, at

3   least five new sources of information have been revealed that may affect the northern spotted owl in

4   the Beaverslide Project area: (1) new information that there is a greater effect from barred owls,

5   which have been detected in the SRNF as well as in the Beaverslide Project area; (2) the 2010 Draft

6   Northern Spotted Owl Recovery Plan, which called for greater nesting and roosting habitat

7   protection, available for the USFS' review before it issued its April 11, 2011 decision; (3) the 2011

8   Final Northern Spotted Owl Recovery Plan, which includes the new Recovery Action 10; (4) the

9   Dugger et al. (2011) scientific findings that increased habitat protection for spotted owls is necessary

10  in the presence of barred owls; and (5) the Forsman, *et al.,* (2011) scientific report concluding that a

11  more inclusive definition of high quality northern spotted owl habitat should be used, inferring that

12  additional moderate and low quality nesting and roosting habitat in the Beaverslide Project should

13  not be degraded to reduce competitive pressure from barred owls and assist in the conservation and

14  recovery of spotted owls. *Id.* at 2-3.

15      Plaintiffs claim that the USFS's and FWS's failure to consider this information violates the

16  ESA's requirements that each agency use the best scientific and commercial data available. *Id.* at 3.

17  Plaintiffs further claim that the USFS has also violated the NFMA by approving logging and other

18  activities that are not consistent with the SRNF Plan, 16 U.S.C. § 1604(i), and the USFS's duty to

19  provide for the diversity of plant and animal communities in the area covered by the Forest Plan. 16

20  U.S.C. § 1604(g)(3). *Id.* Additionally, Plaintiffs claim that the USFS has failed to support its

21  Management Indicator Species ("MIS") monitoring requirements with reliable data and has failed to

22  support its species viability and diversity determinations with the necessary data. *Id.* And, finally,

23  Plaintiffs assert that the USFS has violated NEPA by failing to take a "hard look" at the

24  environmental consequences of the Beaverslide Project. *Id.* In particular, the Final Supplemental

25  Environmental Impact Statement ("FSEIS") purportedly fails to analyze potential direct, indirect and

26  cumulative impacts of the proposed action on the northern spotted owl from the barred owl in

27  combination with the habitat degradation from the Beaverslide Project. *Id.*

28      On February 16, 2012,  Plaintiffs propounded discovery related to their second and third claims,

UNITED STATES DISTRICT COURT
For the Northern District of California

1   which allege that the Forest Service unlawfully failed to reinitiate consultation under the

2   Endangered Species Act ("ESA").  3/19/2012 Joint Discovery Letter, ECF No. 32 at 1.  On March 7,

3   2012, Defendants filed a motion seeking a protective order, which was referred to the undersigned.

4   Motion for a Protective Order, ECF No. 24 at 1; Referral Order, ECF No. 25 at 1.  Then, following

5   the undersigned's standing order, the parties submitted a joint discovery letter.  3/19/2012 Joint

6   Discovery Letter, ECF No. 32 at 1.

7                                    **III.  DISCUSSION**

8   **A.  Whether Plaintiffs are Procedurally Barred from Seeking Discovery**

9       Defendants argue that Plaintiffs are procedurally barred from seeking discovery because they

10  failed to move for an order allowing discovery after having conceded that the case was exempt from

11  initial disclosures.  3/19/2012 Joint Discovery Letter, ECF No. 32 at 1 (citing Joint Case

12  Management Statement, ECF No. 14 at 6; N.D. Cal. Civ. L.R. 16-7[2]).

13      Plaintiffs argue that they were not required to move for an order allowing discovery for two of

14  its ESA claims, because the discovery authorization requirement in Civil Local Rule 16-7 applies

15  only to those claims which are exempt from initial disclosures under Federal Rule of Civil Procedure

16  26(a)(1)(B) but their second and third ESA claims were not exempt claims because they are not

17  record-review claims under Federal Rule of Civil Procedure 26(a)(1)(B).  *Id.*  Plaintiffs

18  acknowledge the inconsistency in the joint case management statement but contend that this should

19  not bar them from discovery.  *Id.* at 4, n.3.

20      The court finds that the inconsistency in the joint case management statement should not bar

21  Plaintiffs from necessary discovery.

22  **B.  Whether Plaintiffs' ESA Claims are Subject to the APA's Standard and Scope of Review**

23      Defendants also argue that discovery is not appropriate because the APA's standard and scope of

24

25      [2]  Local Civil Rule 16-7 provides, "Unless otherwise provided in these local rules, in
26  categories of cases that are exempted by Fed. R. Civ. P. 26(a)(1)(B) from the initial disclosure
    requirements of Fed. R. Civ. P. 26(a)(1), promptly after the commencement of the action the
27  assigned judge will schedule a Case Management Conference or issue a case management order
28  without such conference.  Discovery shall proceed in such cases only at the time, and to the extent,
    authorized by the Judge in the case management order."  N.D. Cal. Civ. L.R. 16-7.

UNITED STATES DISTRICT COURT
For the Northern District of California

1   review apply to Plaintiffs' ESA claims  3/19/2012 Joint Discovery Leter, ECF No. 32 at 1-2 (citing

2   numerous cases).  Defendants contend that the holding in *Washington Toxics Coalition v.*

3   *Environmental Protection Agency*, 413 F.3d 1024, 1030 (9th Cir. 2005), is that, because the ESA

4   provides an adequate remedy for the plaintiffs' claims, the APA's waiver of sovereign immunity for

5   agency action for which there is no statutory remedy is inapplicable.  *Id.* at 2, n.1.  Defendants

6   further assert that even if the court were to read *Washington Toxics* and *Western Watersheds Project*

7   *v. Kraayenbrink*, 632 F.3d 472 (9th Cir. 2011), to suggest that discovery might be appropriate in

8   ESA failure-to-consult cases, it is nevertheless inappropriate in this case because all parties agree

9   that USFS *did* consult with FWS.  *Id.* at 2. Defendants also argue that Plaintiffs challenge not

10  inaction, but rather the agencies' affirmative conclusions, in response to specific pieces of

11  information, that the Beaverslide Project was "not likely to adversely affect" northern spotted owls;

12  conclusions addressed and supported in the administrative records.  *Id.*

13      Defendants also contend that the *Kraayenbrink* panel's decision, in one paragraph and without

14  discussion, did not overrule a long-standing line of cases which establish that the APA scope and

15  standard of review apply to ESA claims.  *Id.* at 3.  Defendants also argue that, regardless,

16  *Kraayenbrink* should not be read as broadly as Plaintiffs suggest.  *Id.*  Instead, Defendants assert that

17  the Ninth Circuit merely held that, under the facts of that case, supplementation of the

18  previously filed record was appropriate.  *Id.*

19      Finally, Defendants argue that, if Plaintiffs believed that limited exceptions apply that require

20  supplementation of the administrative record, the proper course was for them to raise those

21  exceptions in their motions for supplementation of the administrative records as provided in the

22  scheduling order.  *Id.*

23      Plaintiffs contend that the two ESA claims at issue here relate to mandatory procedural

24  obligations under section 7 of the ESA that trigger reinitiating of consultation.  *Id.* at 4.  Plaintiffs

25  contend that these claims are not limited by the APA's scope of review.  *Id.* (citing *Washington*

26  *Toxics*, 413 F.3d at 1029-30, 1034). Plaintiffs explain that, because the ESA authorizes a "civil suit,"

27  there is specific statutory authorization for a *de novo* trial and, thus, Plaintiffs' rights include

28  propounding discovery.  *Id.* (citing 16 U.S.C. § 1540(g)(1)(A); *Chandler v. Roudebush*, 425 U.S.

UNITED STATES DISTRICT COURT
For the Northern District of California

1  840, 862 (1976)).

2  Plaintiffs note that two other jurisdictions have rejected Defendants' arguments, which –

3  according to Plaintiffs – conflate two analytically distinct concepts: the standard of review and the

4  scope of review.  *Id.* at 5.  Plaintiffs quote the Tenth Circuit, which stated,  "The scope of judicial

5  review refers merely to the evidence the reviewing court will examine in reviewing an agency

6  decision. The standard of judicial review refers to how the reviewing court will examine that

7  evidence."  *Id.* (quoting *Franklin Sav. Ass'n v. Office of Thrift Supervision*, 934 F.2d 1127, 1136

8  (10th Cir. 1991).

9  Plaintiffs then assert that Defendants inaccurately cited cases involving the APA *standard* of

10  review as if they included holdings regarding the *scope* of review that apply universally, without

11  regard to the factual circumstances from which the claims arose.  *Id.*  Plaintiffs explain that each

12  decision cited by Defendants was a final action or permit, properly reviewed under the APA and not

13  subject to the ESA citizen suit provision.  *Id.*

14  And Plaintiffs point out that, in this circuit, the unambiguous holding in *Washington Toxics*,

15  illustrates that factual circumstances are critical in determining how a claim arises and what the

16  appropriate scope of review should be.  *Id.* (citing 413 F.3d at 1030).  Plaintiffs further assert that,

17  in *Kraayenbrink*, the Ninth Circuit stated unequivocally that the *scope of review* for ESA citizen-suit

18  claims is not limited by the APA and, therefore, the court could consider evidence outside the

19  administrative record.  *Id.* (citing 632 F.3d at 497).   Plaintiffs also observe that the *WildEarth*

20  *Guardians* order cited by Defendants never stated that discovery always precluded but concluded

21  that "No overriding interest demands conducting discovery *at this time*."  *Id.*

22  Plaintiffs then explain that discovery is necessary here.  *Id.*  Plaintiffs state that "[a] plaintiffs'

23  burden in establishing a procedural violation [of the ESA] is to show that the circumstances

24  triggering the procedural requirement exist, and that the required procedures have not been

25  followed."  *Id.* at 4 (quoting *Thomas v. Peterson*, 753 F.2d 754, 765 (9th Cir. 1985).  In this case,

26  even though the agencies have a voluminous administrative record, some of the information relied

27  on by the agencies and propounded in Plaintiffs' discovery request has not been identified.  *Id.* at 5.

28  Plaintiffs explain that they have focused most of their interrogatories on a vague statement made in a

1    "Technical Assistance Letter," which identifies potential information that is highly relevant to

2    Plaintiffs' reinitiation claims.  *Id.*  According to Plaintiffs, in this letter, the agencies state that they

3    "are currently reevaluating applicable information regarding appropriate analysis scales, amounts,

4    and definitions of northern spotted owl habitat to be used during analyses of future projects on the

5    Six Rivers National Forest."  *Id.*  Nine of the remaining eleven interrogatories and the only

6    remaining request for production focus on identifying this information, future projects, the changing

7    definitions of northern spotted owl habitat, and why this reanalysis was not done for the project in

8    this litigation.  *Id.*  The remaining interrogatories ask whether Defendants applied parts of the 2010

9    Draft and 2011 Final Northern Spotted Owl Recovery Plan.  *Id.*

10       Finally, because discovery responses from Defendants were due on March 19, 2012, and the

11   parties have fully conferred under N.D. Cal. Civ. L.R. 37-1, Plaintiffs move for an order to compel

12   Defendants to respond to discovery.  *Id.*

13       In *Washington Toxics*, the Ninth Circuit stated that the district court *correctly* held that the ESA

14   citizen-suit provision creates an express, adequate remedy.  413 F.3d at 1034.  The Ninth Circuit

15   then explained that the APA did not govern the plaintiffs' claims because the substantive statute

16   independently authorized a private right of action.  *Id.*  Building on this, the Ninth Circuit

17   determined that the court "may consider evidence outside the administrative record for the limited

18   purposes of reviewing Plaintiffs' ESA claim."  *Kraayenbrink*, 632 F.3d at 497.

19       District courts in the Ninth Circuit have permitted discovery in similar cases based on their

20   readings of these two decisions.  For example, in *Oregon Natural Desert Association ("ONDA") v.*

21   *Kimbell*, 593 F.Supp.2d 1217 (D. Or. 2009), the district court permitted the plaintiffs to introduce

22   evidence, including expert reports and evidence obtained through discovery, to prove their claims

23   alleging violations of sections 7 and 9 of the ESA.  593 F.Supp.2d at 1219.  The court reasoned that

24   claims arising under the citizen-suit provisions of the ESA are not limited to the administrative

25   record review restrictions of the APA.  *Id.* at 1220 (citing *Wash. Toxics*).  Likewise, in *Wildearth*

26   *Guardians v. U.S. Federal Emergency Management Agency,* No. CV 10–863–PHX–MHM, 2011

27   WL 905656 (D. Ariz. Mar. 15, 2011), the court permitted the plaintiffs to supplement the record in a

28   case involving four claims brought pursuant to the ESA's citizen-suit provision.  2011 WL 905656,

at *3.  The court explained that, in *Kraayenbrink*, the Ninth Circuit "stated unequivocally that the scope of review for ESA citizen-suit claims is not provided for by the APA and as a result parties may submit and the court may consider evidence outside the administrative record."  *Id.*  The court distinguished between the *scope* of review (which is not limited by the APA's administrative-record limitation) and the *standard* of review, which remained "arbitrary and capricious."  *Id.* at n.1.

On the other hand, in *American Canoe Association, Inc. v. United States EPA*, 46 F. Supp. 2d 473 (E.D. Va. 1999), the court held that discovery in ESA and Clean Water Act citizen suits is limited to the APA record review based on its view that the scope of review follows from the standard of review and that courts must hesitate before involving themselves in agency decision-making.  46 F. Supp. 2d at 475-77 (nonetheless permitting plaintiffs the option to renew their request for extra-judicial discovery under the APA standard).

The court finds persuasive the reasoning advanced by Plaintiffs and adopted by the court in *ONDA* and *Wildearth Guardians* that relies on explicit Ninth Circuit holdings, particularly where Plaintiffs explained the need for the specific extra-record discovery.  Defendants' authorities do not compel a different result as they involved the standard of review, final agency action, or were out-of-circuit cases that did not need to apply *Washington Toxics* and *Kraayenbrink*.  Additionally, the court cannot discern a material, principled reason to distinguish between failure-to-consult and failure-to-reinitiate-consultation cases.

## IV.  CONCLUSION

For the foregoing reasons, the court **DENIES** Defendants' request for a protective order.

This disposes of ECF No. 32.

**IT IS SO ORDERED.**

Dated: May 2, 2012

_____
LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**